**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KELVIN ANDRE SPOTTS,** | : | |
| | : | **Civil No. 3:12-CV-913** |
| Petitioner | : | |
| | : | **(Judge Kosik)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **DAVID EBBERT,** | : | |
| | : | |
| Respondent | : | |

## REPORT AND RECOMMENDATION

I.  **Statement of Facts and of the Case**

In this case, Kelvin Andre Spotts, a federal prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Spotts is an inmate currently incarcerated at the United States Penitentiary, Canaan, where he is presently serving a sentence for firearms, drug trafficking and money laundering offenses. That sentence was imposed upon Spotts by the United States District Court for the Southern District of West Virginia, in 1999, and has subsequently been the subject of repeated litigation, both on direct appeal and in multiple motions to vacate his sentence filed in the Southern District of West Virginia pursuant to 28 U.S.C. §2255. In fact, by 2006 the courts in West Virginia had commented on Spotts' repetitive post-conviction filings, and instructed him of his need to obtain leave from the court of appeals before filing additional post-conviction challenges to his sentence under

28 U.S.C. §2255, stating: "Since the denial of his petition for *writ of certiorari,* Spotts has filed two § 2255 motions. The initial motion was denied on the merits in September of 2003, and his appeal was dismissed by the Court of Appeals for the Fourth Circuit in February of 2004. The second § 2255 motion, filed February 14, 2005, was dismissed as successive in August of 2005 and Spotts' appeal was dismissed by the Court of Appeals on December 1, 2005. Thereafter, on February 14, 2006, Spotts filed his third § 2255 motion. Inasmuch as 'it plainly appears from the face of the motion ... and the prior proceedings in the case that the movant is not entitled to relief,' dismissal without requiring a response from the United States is appropriate. As was the case with respect to the § 2255 motion filed by Spotts in 2005, he has made no showing that he filed an appropriate motion with the Court of Appeals seeking permission to file a successive § 2255 motion, and it is apparent that he has not. It is also apparent, for the reasons set forth in the findings and recommendation submitted in Civil Action No. 3:05-0124, that this Court lacks jurisdiction to consider his § 2255 motion." Spotts v. United States, CIV.A. 3:06-0109, 2006 WL 1455705 (S.D.W. Va. May 24, 2006).

Indeed, the litigation history of this serial filer is thoroughly detailed in numerous prior appellate decisions addressing Spotts' tireless, but repetitive and procedurally inappropriate challenges to his conviction and sentence. See, e.g.,

United States v. Spotts, 295 F. App'x 590 (4th Cir. 2008); In re Spotts, 234 F. App'x 164 (4th Cir. 2007); United States v. Spotts, 224 F. App'x 256 (4th Cir. 2007); In re Spotts, 196 F. App'x 153 (4th Cir. 2006); In re Spotts, 124 F. App'x 800 (4th Cir. 2005); In re Spotts, 89 F. App'x 824 (4th Cir. 2004); In re Spotts, 84 F. App'x 356 (4th Cir. 2004); In re Spotts, 67 F. App'x 822 (4th Cir. 2003); In re Spotts, 33 F. App'x 85 (4th Cir. 2002); United States v. Spotts, 203 F.3d 824 (4th Cir. 2000)

In the course of this litigation, Spotts' obligation to secure leave of the court of appeals before filing further, successive petitions under Section 2255 was explicitly underscored for the Petitioner by the court of appeals in 2009, when it admonished Spotts that:

> [T]he district court's order treating his Fed.R.Civ.P. 60(b) motion as a successive 28 U.S.C.A. § 2255 (West Supp.2008) motion, and dismissing it on that basis. . . is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2006); Reid v. Angelone, 369 F.3d 363, 369 (4th Cir.2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir.2001). We have independently reviewed the record and conclude that Spotts has not made the requisite showing. . . . . Additionally, we construe Spotts' notice of appeal and informal brief as an application to file a second or

> successive motion under 28 U.S.C. § 2255. <u>United States v. Winestock</u>, 340 F.3d 200, 208 (4th Cir.2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review. 28 U.S.C.A. § 2255(h) (West Supp.2008). Spotts' claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

<u>United States v. Spotts</u>, 326 F. App'x 161 (4th Cir. 2009).

Despite this clear guidance, Spotts' current pleadings reveal that he has continued to submit successive §2255 petitions in federal court in the Southern District of West Virginia as recently as November 2011, without securing the leave of court required from the court of appeals for successive petitions of this type.

Having been rebuffed both by the court of conviction, the United States District Court for the Southern District of West Virginia, and by the United States Court of Appeals for the Fourth Circuit, on numerous occasions with respect to these post-conviction petitions, Spotts, now seeks to challenge his conviction and sentence in this Court through a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Thus, Spotts now invites this Court to embrace claims that have been repeatedly rejected in the past, and set aside the sentencing outcome that has been repeatedly reaffirmed by those courts.

Since all of the matters raised here are issues which by law properly should be addressed by the original sentencing court pursuant to a motion to vacate or correct sentence brought under 28 U.S.C. § 2255, we recommend that this petition be DENIED, and Spotts be instructed to bring such claims as he may have to the attention of the sentencing judge by following the procedures prescribed by law for obtaining approval to submit successive motions to correct sentence under 28 U.S.C. § 2255.

> II. **Discussion**
>
>> A. **Spotts' Petition Should Be Dismissed Since He Does Not Meet the Prerequisites for Habeas Relief Under 28 U.S.C. § 2241.**

In this case, we find that Spotts–a federal prisoner seeking to correct a previously imposed sentence–has not made out a valid case for pursuing habeas relief in lieu of a motion to correct sentence under 28 U.S.C. § 2255. This showing, which Spotts has not made, is a prerequisite for a successful habeas petition in this particular factual context. Therefore, since Spotts has not made a showing justifying habeas relief, in lieu of a motion under § 2255, Spotts' petition is subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. 28 U.S.C. § 2254 (Rule 4 applies to § 2241 petitions under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States

5

District Courts). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979) (explaining that Rule 4 is "applicable to Section 2241 petitions through Rule 1(b)").

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Summary dismissal of this habeas petition, which seeks to correct a federal prisoner's sentence, is appropriate here since it is well-settled that: "[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement," including a challenge to the validity of a sentence, is by way of a motion filed under 28 U.S.C. § 2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). See also United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999) (stating that § 2255 provides federal prisoners a means by which to bring collateral attacks challenging the validity of their judgment and sentence); Snead v. Warden, F.C.I. Allenwood, 110 F. Supp. 2d 350, 352 (M.D. Pa. 2000) (finding that challenges to a federal sentence should be brought in a motion filed under 28 U.S.C. § 2255). Indeed, it is now clearly established that Section 2255 specifically provides the remedy to federally-sentenced prisoners that is the equivalent to the relief historically available under the habeas writ. See Hill v.

United States, 368 U.S. 424, 427 (1962) (stating, "it conclusively appears from the historic context in which § 2255 was enacted that the legislation was intended simply to provide in the sentencing court a remedy exactly commensurate with that which had previously been available by habeas corpus in the court of the district where the prisoner was confined").

Therefore, as a general rule, a § 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction. Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972). Indeed it is clear that "Section 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'" Gomez v. Miner, No. 3:CV-06-1552, 2006 WL 2471586, at *1 (M.D. Pa. Aug. 24, 2006) (quoting Myers v. Booker, 232 F.3d 902 (10th Cir. 2000)). Instead, Section 2255 motions are now the exclusive means by which a federal prisoner can challenge a conviction or sentence that allegedly is in violation of the Constitution or federal laws or that is otherwise subject to collateral attack. See Davis v. United States, 417 U.S. 333, 343 (1974). Thus, federal inmates who wish to challenge the lawfulness of their sentences must typically file motions with the sentencing court under § 2255.

This general rule admits of only one, narrowly-tailored, exception. A defendant denied relief under §2255 is permitted to pursue relief under 28 U.S.C. § 2241 only where he shows that the remedy under § 2255 would be "inadequate or

ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000) (recognizing availability of § 2241 in cases where petitioners have no other means of having claims heard). The inadequacy or ineffectiveness must be "a limitation of scope or procedure . . . prevent[ing] a § 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." Okereke v. United States, 307 F.3d 120 (3d Cir. 2002) (citing Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle, 290 F.3d at 538-39 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)). Accordingly, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Cradle, 290 F.3d at 539. Furthermore, if a petitioner improperly challenges a federal conviction or sentence under § 2241, the proper course is that the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

In this case, the representations that Spotts makes in his petition do not demonstrate that he is entitled to resort to seeking habeas relief under 28 U.S.C. § 2241 on the grounds that a motion under 28 U.S.C. § 2255 would be ineffective or inadequate. None of Spotts' claims fall within the very specific exception outlined

8

in <u>Dorsainvil</u>, in which § 2241 relief could be available in lieu of a motion under 28 U.S.C. §2255. In <u>Dorsainvil</u>, the Third Circuit held that § 2241 relief was available only in very narrowly defined instances to a petitioner who had no earlier opportunity to challenge his conviction for conduct that an intervening change in substantive law made no longer criminal. <u>Dorsainvil</u>, 119 F.3d at 251. Spotts' pleadings simply do not demonstrate that this narrow exception has any legitimate application to the instant proceedings.

At the outset, it is evident that nothing in Spotts' petition suggests that Spotts' 1999 convictions for money laundering, drug trafficking and carrying firearms during drug trafficking no longer entail conduct which is unlawful. Quite the contrary, it is absolutely clear that drug trafficking, money laundering and carrying firearms during drug trafficking remain as illegal today as they were in 1999 when Spotts was convicted of these offenses. Therefore, Spotts cannot avail himself of <u>Dorsainvil</u>'s narrow holding that § 2241 relief was available only to a petitioner who had no earlier opportunity to challenge his conviction for conduct that an intervening change in substantive law made no longer criminal. <u>Dorsainvil</u>, 119 F.3d at 251. Conceding that his offense of conviction are still crimes, Spotts nonetheless argues with great vigor that he should be entitled to pursue habeas relief, in lieu of a motion under § 2255, because recent legal developments relating to sentencing of crack cocaine cases represent a fundamental shift in the legal sentencing paradigm applicable to his case,

a fundamental change in sentencing law which should be applied retroactively to this Petitioner. The difficulty with this argument is that Spotts' conclusion–that he should be entitled to pursue a habeas petition in lieu of a § 2255 motion– does not follow from his premise that these sentencing laws should be applied retroactively to his case. Thus, even if we concede that these laws may arguably have some retroactive application, it remains clear that the process by which Spotts should raise this issue is not a habeas petition under § 2241. Rather, Spotts should endeavor to present this claim to the sentencing judge in a properly framed second or successive motion for relief authorized by the court of appeals under 28 U.S.C. § 2255.

While we take no position on whether Spotts may be able to successfully obtain leave from the United States Court of Appeals to file a second or successive motion for relief under § 2255 with the United States District Court, to the extent Spotts wishes to pursue such relief, he should consult the Rules Governing Section 2255 Proceedings for the United States District Courts. In particular, Spotts is directed to Rule 9, which provides that "[b]efore presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8." See also 28 U.S.C. § 2244(b)(3) (outlining procedure for obtaining leave from the court of appeals to file a second or successive motion for relief in the district court); 28 U.S.C. § 2255(h) (providing that a second or successive petition "must be

certified" by a panel of the appropriate court of appeals to contain either "(1) newly discovered evidence that, if proven and viewed in light of the evidence of the whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.").

Reliance on the process for pursuing second and successive motions to correct sentence under 28 U.S.C. § 2255 is particularly appropriate here given the nature of Spotts' claims. To the extent that Spotts seeks to set aside his sentence, and obtain a re-sentencing, by challenging various factual matters, it is evident that his request, if successful, may call for further fact-finding by the sentencing judge. See United States v. Johnson, 587 F.3d 203 (3d Cir. 2009)(remanding Begay claim challenging state simple assault conviction for further proceedings before the sentencing judge). Thus, the sentencing issues framed by this petition are uniquely within the purview of the sentencing judge, and are issues which are uniquely susceptible to resolution through a motion to correct sentence under § 2255.

Furthermore, while Spotts asserts that he has tried, unsuccessfully, to file successive § 2255 petitions, this assertion, standing alone, does not demonstrate that § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). In this regard it bears repeating that: "It is the inefficacy of the

remedy [under § 2255], not the personal inability to use it, that is determinative." Cradle, 290 F.3d at 538-39 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)). Accordingly, as a matter of law "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, . . . ." Cradle, 290 F.3d at 539. Therefore, Spotts may not simply rely upon the prior refusal of the Court to grant him relief under § 2255 to justify foregoing such a motion at this time.

Nor can Spotts belatedly secure relief under § 2241, after having been denied relief under § 2255, by asserting that, while guilty of drug trafficking, he is "actually innocent" of the type of enhanced sentence imposed upon him for that drug trafficking. Such arguments, while frequently made by federal inmates, are rarely embraced by the courts. Indeed, courts, including this Court, have repeatedly rebuffed efforts by prisoners to use § 2241 to by-pass the requirements of § 2255 based upon claims of "actual innocence" which relate solely to the application of some sentencing enhancement. See, e.g., Montes v. Holt, 179 F. App'x 824 (3d Cir. 2006); Sines v. Wilner, No. 09-1240, 2009 WL 2365406 (D. Colo. July 31, 2009); Kennedy v. Miner, No. 06-314, 2006 WL 2645148 (M.D.Pa. Sept. 14, 2006). Therefore, these representations are simply insufficient to persuade the Court that 28 U.S.C. § 2255 is either ineffective or inadequate to enable Spotts to test the legality of this aspect of his sentence.

At bottom, Spotts invites this Court under the guise of a habeas petition to do something which the sentencing court repeatedly declined to do when presented with multiple motions to correct his sentence under 28 U.S.C. §2255. It appears that we should decline this invitation, given that Spotts, has not complied with 28 U.S.C. §2255's procedures for obtaining authorization to file successive petitions; has made no showing that § 2255 is inadequate or ineffective to test the legality of his sentence; and it is clear that the remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Consequently, this Court should dismiss Spotts' § 2241 petition for lack of jurisdiction, but without prejudice to Spotts taking whatever action he deems appropriate under § 2255 to preserve and present this issue in a second or successive motion to correct his sentence.

### III. RECOMMENDATION

For the reasons set forth above, it is RECOMMENDED that the Court deny Spotts' petition for a writ of habeas corpus (Doc. 1) on the grounds that the Court lacks jurisdiction to consider the petition, but without prejudice to Spotts' taking whatever action he deems appropriate under § 2255 to preserve and present this issue in a second or successive motion to correct his sentence. In light of this recommendation, IT IS FURTHER recommended that Spotts' petition for leave to proceed in forma pauperis (Doc. 2), be DISMISSED as moot.

Petitioner is placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 17th day of May 2012.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge