UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

KELVIN ANDRE SPOTTS,
        Petitioner,

vs.

DAVID EBBERT,
        Respondent.

CIVIL ACTION NO. 3:12-CV-913

(Judge Kosik)

**FILED
SCRANTON**

AUG 1 5 2012

PER 
DEPUTY CLERK

## MEMORANDUM

Before the court is the Report and Recommendation of Magistrate Judge Martin C. Carlson filed on May 17, 2012 (Doc. 4). Following the filing of the Report and Recommendation, Petitioner filed a "Traverse Response to Report and Recommendation Filed by Magistrate Judge on 5/17/12 and Received by Mr. Spotts 5/23/17 (sic)..." (Doc. 5), an "Amendment to Mr. Spotts Traverse Response to Magistrate Report and Recommendation to Deny Habeas Corpus Relief" (Doc. 6), and "Petitioner Spotts Second Amendment Motion of Objections to the Report and Recommendations by Magistrate Judge to Dismiss for Lack of Jurisdiction by a Person in Federal Custody" (Doc. 8)[1]. For the reasons which follow, we will adopt the Report and Recommendation of the Magistrate Judge.

## BACKGROUND

Petitioner, Kelvin Andre Spotts, an inmate confined at the United States Penitentiary at Canaan, Pennsylvania, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on May 16, 2012. On May 17, 2012, Magistrate Judge Martin C. Carlson issued a Report and Recommendation recommending that the

---

[1]We note that Document 7, "Motion to Amend/Correct Petition for Writ of Habeas Corpus" actually refers to another action and was misdocketed in this case.

court deny the petition on the grounds that this court lacks jurisdiction to consider the petition in that the petitioner's recourse lies with a second or successive motion pursuant to 28 U.S.C. § 2255 in the sentencing court.  As indicated above, petitioner has filed three documents (Docs. 5, 6, and 8), challenging the Report and Recommendation.

DISCUSSION

When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a de novo determination of those portions of the Report to which objections are made.  28 U.S.C. §636(b)(1)(C); see Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989).  In doing so, we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  28 U.S.C. §636(b)(1); Local Rule 72.3.  Although our review is de novo, we are permitted by statute to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper.  United States v. Raddatz, 447 U.S. 667, 676 (1980); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

In the Report and Recommendation, the Magistrate Judge sets out the petitioner's attempts to challenge his sentence in the United States District Court for the Southern District of West Virginia, the sentencing court, and in the Court of Appeals for the Fourth Circuit.  As the Magistrate Judge points out, petitioner has filed a direct appeal from his sentence, as well as several successive petitions under 28 U.S.C. § 2255.  In all instances, petitioner's requests for relief have been denied.

Petitioner is now attempting to seek relief in this court via a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  As the Magistrate Judge indicates, in order to obtain relief under § 2241, a petitioner must show that the remedy under § 2255 would be inadequate or ineffective.  In re Dorsainvil, 119 F. 3d 245 (3d Cir.

1997). Importantly, § 2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. See id. at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings, render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. Cradle v. United States, 290 F. 3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F. 3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F. 3d at 251. Moreover, if a petitioner improperly challenges a federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F. 2d 1164, 1165 (3d Cir. 1971).

The Magistrate Judge found that the petitioner's representations regarding recent legal developments relating to sentencing in crack cocaine cases and his assertions of actual innocence based on the application of a sentencing enhancement are insufficient to establish that 28 U.S.C. § 2255 is inadequate or ineffective to enable petitioner to test the legality of his sentence in the sentencing court. The Magistrate Judge recommends that we dismiss petitioner's § 2241 petition for lack of jurisdiction, but without prejudice to petitioner to attempt to present his issues in a successive motion in the sentencing court.

In the first document filed in response to the Magistrate Judge's Report and Recommendation, the "Traverse Response" (Doc. 5), petitioner relies on United States v. Dixon, 648 F. 3d 195 (3d Cir. 2011), to support his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In particular, petitioner asserts that the Fair Sentencing Act of 2010, which contains more favorable mandatory minimum prison sentences, should be applied retroactively to his case. We find petitioner's argument to be misplaced. In Dixon, the Court of Appeals for the Third Circuit held that the Fair Sentencing Act of 2010 applies to the group of defendants who committed their crimes before the Act was enacted, but were sentenced afterwards. In Dixon, the

defendant committed his offenses in 2007 and 2008, before the Fair Sentencing Act was in effect, however, he was sentenced on October 25, 2010, at which time the Act was in effect. The Court found that Congress intended the Fair Sentencing Act to apply to circumstances like the defendant's case. In Dixon, the Court alludes to United States v. Reevey, 631 F. 3d 110 (3d Cir. 2010), wherein the Court held that the Fair Sentencing Act of 2010 "did not apply retroactively to the group comprised of defendants who committed their crimes *and* who were sentenced before the Act was enacted." United States v. Dixon, 648 F. 3d 195, 198, n. 3. In the instant case, petitioner committed his crimes before the Act was in effect, *and*, he was sentenced in February of 1999, before the Fair Sentencing Act was enacted, and therefore, it does not apply in his case.[2]

Petitioner also challenges his sentencing enhancement as defective and invalid and asserts that he is actually innocent of being a career offender. As the Magistrate Judge points out, Petitioner cannot use § 2241 to by-pass the requirements of § 2255 based upon his claim of actual innocence related to the application of a sentencing enhancement. Section § 2255 is not ineffective or inadequate to enable petitioner to test the legality of the enhancement aspect of his sentence. Likewise, as to petitioner's attempts to challenge the circumstances surrounding his guilty plea, that is, whether it was knowingly, willingly or intelligently made, and whether his sentence was invalid and unenforceable, petitioner's remedy lies in a motion filed pursuant to 28 U.S.C. § 2255 with the sentencing court. However, because petitioner has already filed § 2255 motions in the United States District Court for the Southern District of West Virginia, he must first seek permission

---

[2] Petitioner also alludes to Dorsey v. United States, 132 S. Ct. 2321 (2012) which was decided by the Supreme Court on June 21, 2012, and held that the Fair Sentencing Act's more lenient penalty provisions apply to offenders who committed a crack cocaine crime before August 3, 2010, the date the Act took effect, but were not sentenced until after August 3, 2010.

to file a second or successive petition in the United States Court of Appeals for the Fourth Circuit.

In the other documents filed in response to the Report and Recommendation of the Magistrate Judge, the petitioner argues that this court should consider his § 2241 habeas corpus petition under the savings clause of § 2255 because it would serve "the interest of justice." However, as the Magistrate Judge found, petitioner has not demonstrated that § 2255 is inadequate or ineffective to test the validity of his sentence. See Cradle v. United States, 290 F. 3d 536 (3d Cir. 2002).

Finally, we find no merit to petitioner's second amendment motion of objections surrounding the application of 28 U.S.C. § 2241 to his case. As the Magistrate Judge explains, § 2241 does not provide petitioner with an avenue of relief under the circumstances. Petitioner's recourse in challenging his sentence rests with 28 U.S.C. § 2255 and with the sentencing court, the United States District Court for the Southern District of West Virginia. As we indicated above, because petitioner has previously filed motions pursuant to 28 U.S.C. § 2255, he must seek permission to file a successive petition with the Court of Appeals for the Fourth Circuit.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

KELVIN ANDRE SPOTTS, :
        Petitioner, : CIVIL ACTION NO. 3:12-CV-913
vs. : (Judge Kosik)
DAVID EBBERT, :
        Respondent. :

## ORDER

AND NOW, THIS 15th DAY OF AUGUST, 2012, IT IS HEREBY ORDERED THAT:

(1) The Report and Recommendation of Magistrate Judge Martin C. Carlson dated May 17, 2012 (Doc. 4) is **ADOPTED**;

(2) The Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED**;

(3) The Clerk of Court is directed to **CLOSE** this case and to forward a copy of this Memorandum and Order to the Magistrate Judge; and,

(4) Based on the court's conclusion herein, there is no basis for the issuance of a certificate of appealability.

FILED
SCRANTON
AUG 15 2012
PER _____
DEPUTY CLERK

_____
Edwin M. Kosik
United States District Judge

-6-